**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte William S. Hammett, III, Appellant,

Terri Sciarro, Respondent,

v.

Matthew Sciarro, Respondent.

Appellate Case No. 2024-002020

———

Appeal From Charleston County
Michèle Patrão Forsythe, Family Court Judge

———

Unpublished Opinion No. 2026-UP-338
Submitted June 1, 2026 – Filed July 1, 2026

———

**AFFIRMED**

———

William S. Hammett, III, of Cobb Hammett, LLC, of Mount Pleasant, pro se.

Chris Paton, of Chris Paton LLC, of Charleston, for Respondent Terri Sciarro.

Sara Elizabeth Wells, of Sara E. Wells, Attorney at Law, LLC, of North Charleston, for Respondent Matthew Sciarro.

———

**PER CURIAM:** This appeal arises from the family court's denial of William S. Hammett's Motion to Intervene as a Third-Party Beneficiary for the Purpose of Protecting Attorney's Fee Lien. On appeal, Hammett argues the family court erred by (1) changing the meaning and scope of a clear and unambiguous statute, (2) finding Hammett's Rule to Show Cause and Respondent Terri Sciarro's (Wife) Rule to Show Cause lacked a common question of fact or matter of law and thus denying intervention by right, (3) finding Hammett's Rule to Show Cause and Wife's Rule to Show Cause lacked a common question of fact or matter of law and thus denying permissive intervention, and (4) relying on *Bailey v. Bailey*[1] to deny Hammett's intervention. We affirm.

Appellant argues the family court erred when it relied on *Bailey* to deny Appellant's intervention. We disagree.[2]

A party must have standing to intervene in an action pursuant to Rule 24, SCRCP. *Bailey*, 312 S.C. at 458, 441 S.E.2d at 327. A party has standing if the party has a personal stake in the subject matter of a lawsuit and is a "real party in interest." *Id.* "A real party in interest . . . is one who has a real, actual, material or substantial interest in the subject matter of the action, as distinguished from one who has only a nominal, formal, or technical interest in, or connection with, the action." *Id.*

In *Bailey*, our supreme court reversed an order allowing a former attorney to intervene in divorce proceedings, finding former attorneys lacked standing to intervene in divorce actions after dismissal as they were not real parties in interest and did not have a sufficient personal stake. *Id.* at 458-59, 441 S.E.2d at 327-28. The court found that a family court order directing the former husband to make payment to the former wife "in care of her attorneys" did not instruct payment of attorney fees directly to the attorneys. *Id.* at 457, 441 S.E.2d at 327. The court emphasized that "the real interest lies with the parties in the divorce action . . . and they alone have a real proprietary interest in the subject matter of the proceedings[,]" and the attorneys' interest in protection of their fee was merely "peripheral" and "not the real interest at stake." *Id.* at 458, 441 S.E.2d at 327.

---

[1] 312 S.C. 454, 441 S.E.2d 325 (1994).

[2] Because this issue is dispositive, we decline to address the remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address the remaining issues where a prior issue was dispositive).

Here, we agree with the family court that Hammett, a former attorney, lacked standing to intervene as he was not a real party in interest in the underlying action. Financial interests alone, without a direct stake in the underlying subject matter, do not establish real party in interest status. *See Ex Parte Gov't Emp's Ins. Co.*, 373 S.C. 132, 138-39, 644 S.E.2d 699, 703 (2007) ("Similarly to the analysis in *Bailey*, we find that the subject matter of the family court action in the instant case is the validity of a common law marriage, which does not involve a determination of insurance benefits." As such, "GEICO has no real interest in whether Cooper and Goethe have a valid common law marriage. GEICO's interest is in the financial implications of the family court's decision, which is peripheral to the subject matter before the court."); *Stoney v. Stoney*, 425 S.C. 47, 64, 819 S.E.2d 201, 211 (Ct. App. 2018) (distinguishing the mere financial interest in *Bailey* because, "[u]nlike the attorneys in *Bailey*, we find Brother satisfied the standing requirement of Rule 24, SCRCP. The record is replete with evidence that Brother had a property interest not only in the marital property, but also in other properties in which Wife argues she holds a marital interest."). Here, the subject matter of Wife's Rule to Show Cause stems from the divorce action and alleged contempt due to Husband's failure to comply with the final order by failing to pay child support, reimburse health care expenses, and maintain health insurance for the parties' children. The subject matter of Hammett's Motion to Intervene alleges contempt against Wife and is based on her failure to pay attorney's fees pursuant to the order. As in *Bailey* and *Ex Parte Government Employee's Insurance Company*, we find Hammett lacked standing to intervene as he was not a real party in interest. Accordingly, the order of the family court is

**AFFIRMED.**[3]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.